TUCKER, Judge.
The special verdict is peculiarly defective. For, although it is *948 possible that the convej'ance from Mary Dudgeon, the executrix of Richard Dudgeon, may have been an effectual execution of the power given by the will, yet as it is neither found that John Dudgeon renounced the executorship, nor was dead before the sale was made by her, I conceive this to be a defective finding in the verdict. Nor can this defective finding be aided by the length of time since the plaintiff’s possession under that conveyance begun, unless the court will infer, which I apprehend they cannot, that his possession continued for twenty years before the day of the ouster alleged in the declaration, which is laid to have happened on some day in 1795, which is less than eighteen years. For it is not found when the defendant 'entered; but barely, that he was in possession when the ejectment was brought. I doubted at first, whether since the special verdict shews a derivative title from the plaintiff to be in the defendant, this circumstance might *not have rendered it unnecessary to trace the plaintiff’s title further back; but, although I incline to think that such a circumstance might have availed the plaintiff, either in an action of trespass quaere clausum fregit, or of replevin (especially if the defendant had set forth his title in pleading) yet I am of opinion that in ejectment, he must shew a clear posses-sory title in himself, or the defendant may rely on his naked possession, as sufficient to repel his claim.
But if the title of the plaintiff is defectively found, that of the defendant is not less so. It is distinctly found, that the plantiff entered and was possessed of the lands under his deed from Mary Dudgeon. That the lands were taxed to him; and that they were sold by the high sheriff for the taxes due for the year 1786. Now, the taxes for the year 1786, became due on the 1st of January, 1787, Virg. Laws, 1785, ch. 38: but, although they became due on that day, they might have beén paid on that, or any subsequent day; and the verdict does not find that they were in arrear and unpaid; nor can the court infer it. And, unless they were in arrear, not only at the time of advertising the lands, but at the time of the sale, the sheriff had no authority to sell. The law gives the sheriff power to distrain the lands; and if the tax be not paid within five days, he may then proceed to advertize them, at the church, on the next Sunday, or other public places within the parish, after the expiration of the said five days. But it is not found that he did distrain the lands, nor that he did advertize them, after the expiration of the five days, either at the church, or at a'ny other public places, (of which there ought to be two at least, for 'the act is in the plural number,) within the parish: such an advertizing, even ■within the county, would not have been sufficient, unless it was also within the parish. The law directs that the sheriff shall give at least four weeks notice in the public papers; which, I apprehend, means notice for four weeks successively; but, at all events, the notice must be given in more than one public paper; for the act is plural in this respect also: but only one advertizement is *found in the ver-diet. The law requires, that the smallest number of acres be sold that the lowest bidder will pay the taxes for. This is not found by the jury ; nor is the amount of the taxes due found directly, although it might, possibly, be made out by referring to the law, and by calculating the amount according to the rule which the valuation of the land by the commissioners, and the amount imposed -by law might furnish. It is not found that the lands were laid off by the surveyor of the county, by the direction of the proprietor, or his agent; or of the sheriff upon his neglect to do it, in such manner as least to injure the tract: all which the law seems to require. It is not found, that the sum bid for the lands, (evidently not more than one per cent, of their value, as assessed by the commissioners,) was equal to three-fourths of their value, as it ought to have appeared, when the sale was made for ready money. Lastly, and without which, the lands, I apprehend, could neither be sold, nor even distrained, it is not found, that no other sufficient distress for the taxes in arrear could be found upon the lands. Virg. Laws, ch. 39, Oct. 1782, ch. 8.
Where an act is so highly penal, as that a man may absolutely lose his whole property for a few days neglect in the payment of a tax which has never exceeded one hun-dreth part of the valuation thereof by sworn commissioners; and where the law has left the power of enforcing that penalty, in the hands of a mere ministerial officer, who may, as in the present case, become the purchaser of the land himself, for the bare amount of the tax thereon due, I deem it indispensably necessary, that every previous circumstance which might authorize the proceeding, and every subsequent step necessary to its legal consummation, should be made clearly and distinctly to appear to the court, that they may judge thereof.
I will mention another circumstance which occurred to me in perusing this record. The quantity of lands advertized, or so much thereof as will be sufficient to pay the taxes thereon, is 300 acres only, and the quantity expressed *in the deed is 280 acres; being the residuum of 900 acres, on which the taxes were due. This betrays a want of correctness which may deserve notice hereafter.
I am therefore of opinion, that there should be a venire facias de novo.
ROANE, Judge.
I have not considered the defendant’s title; but the deed being made by the executrix only, was nota sufficient execution of the power, as the jury have not found whether the other executor renounced, or not. The special verdict is therefore defective in a material point; and consequently there must be a venire facias de novo.